# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY LOVE,<br><br>    Petitioner,<br><br>    v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | Case No. 1:15-cv-01093-LJO-GSA-HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is in the custody of the Federal Bureau of Prisons at United States Penitentiary-Atwater in Atwater, California.

    On July 15, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court. He claims that prison staff at MCC San Diego tampered with his mail while he was incarcerated there from 2010 through 2013 by opening his incoming and outgoing legal mail out of his presence, photocopying it, and not giving it to Petitioner for weeks or delaying sending it. He also claims that prison staff at FCI Victorville opened his incoming and outgoing confidential legal mail out of his presence in 2013.

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the

1

Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. A writ of habeas corpus is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In this case, Petitioner complains that prison officials have tampered with his mail. Petitioner is not claiming he is in custody in violation of the Constitution. He is challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.

A habeas petition may be construed as a Section 1983 civil rights complaint. Wilwording v. Swenson, 404 U.S. 249, 251 (1971). However, there have been significant changes in the law post-Wilwording, such as a change in fees. The filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. However, the fee is now $400 for civil rights cases and under the Prisoner Litigation Reform Act, the prisoner is required to pay it by way of deductions from income to the prisoner's trust account, even if granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights compliant for which the $400 fee would be deducted from income to his or her account. In addition, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. In view of these potential pitfalls for Petitioner if the petition were construed as a

civil rights complaint, the case should be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983 and Bivens, 403 U.S. 388 (1971). The Court expresses no opinion as to the merits of such a civil rights complaint.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED, and the Clerk of Court be DIRECTED to provide Petitioner with the standard form for filing a civil rights action pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The District Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2015**                     **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE